# Boose's Appeal.

In 1837 the land of an intestate was sold by administrators under an order of the Orphans' Court for the purpose of paying debts, and was purchased by one who was at the time married to the widow of the intestate. The purchaser gave to the administrators a bond conditioned for the payment of the one third part of the net proceeds of sale on the death of the widow, and to pay the interest thereof to the said widow annually till her death. The administrators settled an administration account in which they were charged with the *whole* proceeds of sale. The husband became insolvent. In the distribution of the balance of the account, it was decreed that the administrators pay to the widow the interest of one third of the net balance : On appeal from the decree it was *held*, that the neglect of the husband to pay the interest was a refusal to pay, and amounted to an appropriation of the interest of his wife's share of the money to his own use, and that his wife *during his life* was not entitled to recover the unpaid interest from the surviving administrator of the intestate : The question as to the wife's right in case she survive her husband, not raised in the case and not decided.

APPEAL of Henry Boose, surviving administrator of Peter Boose, deceased, from the decree of the Orphans' Court of York county, distributing the estate of said deceased.

*Peter* Boose died in 1835, and letters of administration on his estate were granted in the same year to Henry Boose and Andrew Neiman.

On the 12th of September, 1837, an order was granted by the Orphans' Court to the administrators to sell the real estate for the purpose of paying debts. They sold to David Meisenhelter, who was then married to the widow, for the sum of $5757.07½; and the Court confirmed the sale. The administrators were charged *with the whole proceeds of the sale.* The sale was for more than sufficient to pay the debts. The sum of $1328.95½ was left by the administrators in the hands of Meisenhelter, the purchaser; and he gave a bond, dated the 8th of June, 1837, conditioned for the payment of that sum, on the day of the death of the said widow, and to pay the interest to her from the first day of April last, to the day of her death. An auditor was appointed to distribute the balance on the administration account.

After the payment of debts, &c., there remained of the proceeds of sale, for distribution among the widow and children, the sum of $4121.21, or thereabouts. Two-thirds of the sum was distributed by the auditor among the widow and children, as was also the principal of the other third among the children, to be paid after the death of the widow. The auditor further awarded to Rebecca Meisenhelter, widow of the decedent Peter Boose, the

[Boose's Appeal.]

wife of Meisenhelter, the purchaser, the sum of $82.29 annually, being the interest of the other third, or thereabouts, with interest on each annual sum, if the same be not paid when due.

Exceptions were filed to the report, which, on 26th April, 1851, was confirmed. From the decree of confirmation, Henry Boose, the surviving administrator, appealed. Exception was filed to the confirmation, and to the decree in favor of Rebecca Meisenhelter.

*Stahle* and *Campbell* for appellants.

*Durkee*, for Rebecca Meisenhelter.—He contended that Meisenhelter, the husband, had not by any act reduced into his possession the annual amount payable to his wife. Though the husband has actually reduced into possession the chose of his wife, without intending to deprive her of it, it is hers: 4 *Rawle* 468, Siter's case; 5 *Whar.* 138, Hind's estate. The administrators in their account asked credit for the $1328.95½, for which the bond was given, as "remaining in the land for the use of the widow, it being a dower fund;" but on exception, the credit was disallowed. The bond given was no appropriation to his own use of the money to become due to his wife. It was not the exercise of any dominion or control over it. He bound himself *to pay it*, an act consistent only with the existence of the right to the money *in her*, and not in him. He did not agree to pay to the children, but to the administrators. The sale being made to pay *debts*, it was illegal for the administrators to leave in the hands of the purchaser any part of the amount of the sale.

The opinion of the Court was delivered, May 27, by
LOWRIE, J.—This case has its origin in 1837, and therefore depends, for its ruling principles, on the law of husband and wife as it stood before the Act of 1848. This wife became entitled to the annual interest of a sum of money, proceeds of land of a former husband, as a substitute for dower, and the administrators of the former husband intrusted the present husband with the sum, out of which the interest arises, he engaging to pay his wife the interest during life, and at her death to refund the principal. The husband has used up the principal and has failed, and the administrators will have to bear this loss; and now the wife says that he has never paid her the interest, and demands that the administrators shall pay her; yet her claim does not impress us as being either strikingly honest or legal.

As husband, Meisenhelter was entitled to his wife's income, and by his contract he was to pay it, and thus he occupied the position of both debtor and creditor. If he paid the income he could at the same time claim it back for himself. But it would be idle to

[Boose's Appeal.]

require him to go through such a form as a means of showing his intention to appropriate the money to his own use. The true rule is to presume that, if he did not pay the money to the use of his wife, he retained it for his own. His neglect to pay was because of his intention to appropriate to himself, and was equivalent to such appropriation; Hind's estate, 5 *Whart.* 138; Ellis *v.* Baldwin, 1 *W. & Ser.* 253. If her income had been dower, and her husband had bought and then sold the land out of which it issued, without reservation, this would amount to an appropriation of the dower to himself during coverture.

In this case, how can it be otherwise? Suppose he had refused to pay the interest, what then? His refusal to pay is an appropriation to his own use; and by not paying he refuses to pay. The matter was entirely at his pleasure. If the administrators had sued him regularly as the interest fell due, he could always have paralysed their action by pleading payment to himself, or that he had appropriated it to his own use, as he was entitled to do. In truth the contract that he would pay his wife was a mere form; for it meant only that he would if he pleased. Under such a contract the administrators could not enforce the rights of the wife, for she had none; and of consequence they are not responsible to her. She cannot reply that the administrators should not have put the money into such a position, for she had no claim on anything but the interest, and as to that her husband could say, and did say, I claim that and choose to have it in such a position that I can most readily enjoy it. It was put into that position, and cannot now be changed at the expense of the administrators. The case does not raise the question as to the wife's right in case she should survive her husband.

> Decree: It is ordered, adjudged, and decreed, that the decree of the Orphans' Court of York county, directing the payment by the administrators of Peter Boose, deceased, to Rebecca Miesenhelter of annual interest be reversed with costs.

LEWIS, J., dissented.